

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. 0-5504
Re: Can a county court, after a
person has been adjudged to
be feeble minded in the man-
ner provided by law and sent
to the Austin State School,
appoint a guardian over the
estate of such person as be-
ing a person of unsound mind?

     This will acknowledge receipt of your letter of re-
cent date requesting the opinion of this department on the
above stated question.

     Article 4102, Revised Civil Statutes, provides as
follows:

     "The County Court shall appoint guardians of
minors, persons of unsound mind and habitual drunk-
ards, and other persons where it is necessary that
a guardian be appointed to receive funds or money
due such persons from the Federal Government, settle
accounts of guardians, and transact all business
appertaining to the estates of minors, persons of
unsound mind, habitual drunkards, and other persons
for whom a guardian is appointed."

     Article 4104, Revised Civil Statutes, provides in
part as follows:

     ". . . .

     "3.  Idiots, lunatics or insane persons are
persons of unsound mind.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"4. An habitual drunkard is one whose mind has become so impaired by the use of intoxicating liquors or drugs that he is incapable of taking care of himself."

Article 3233, Revised Civil Statutes, provides:

"A feeble minded child, as defined herein, is one of such feeble mental or moral powers as to be unable to profit by the ordinary methods of education as employed in the common schools. A feeble minded adult is one who is unable under ordinary circumstances to protect and support himself as a law abiding citizen because of lack of mental power."

As pointed out in Article 4102, supra, the county court can appoint guardians for three general classes; namely, minors, persons of unsound minds and habitual drunkards. We are assuming that the person so committed to the Austin State School as stated in your question is over twenty-one years of age, for if not, and need be necessary, a guardian could be appointed upon the fact of his minority. Therefore, the query is whether or not a feeble minded person comes within the purview of persons of unsound mind within the meaning of Article 4102, supra. We have found no authority directly in point.

The Legislature has defined persons of unsound mind as idiots, lunatics or insane persons. We do not believe any constructive purpose will be served in setting forth various definitions of these words, as the courts and lexicographers have gone from one extreme to the other in their definitions. By reading the statutes on Guardian and Ward, we are of the opinion that the Legislature has empowered our county courts to appoint guardians over persons who for some lack of mental power are incapable of taking care of themselves. Evidence of this fact is the definition the Legislature has given to habitual drunkards, heretofore quoted, as well as the nature of the other classes over whom guardians may be appointed.

A feeble minded person according to the language of Article 3233, supra, is one who is unable to protect and support himself because of lack of mental power. In other words, such a person is one, who for some mental deficiency, is incapable of taking care of himself, and thus would be one who would need

Honorable A. J. Luckett, page 3


a guardian, if there be any need therefor, to look after his estate. We believe such a person would be classed as one of unsound mind within the meaning of Article 4102, supra.

The mere fact a person has been sent to an eleemosynary institution appears to be no bar to guardianship proceedings. See Mast v. Orum, 134 Tex. 105, 132 S. W. (2d) 105.

It is not the intention of this opinion to imply that feeble minded people are in the same mental class as idiots and insane people. We fully recognize the intellectual difference between them as has the Legislature by providing separate proceedings to have a person adjudged as feeble minded. See Articles 3867 to 3871, Revised Civil Statutes.

It is therefore the opinion of this department that your question be answered in the affirmative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 16, 1943

*Geo. Fairchild*

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*

Fred C. Chandler
Assistant

By *Robert O. Koch*

Robert O. Koch

ROK:db


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN